FRANK De STEFANO, JOSEPH J. CRAHAN, ERVILLE MADISON, FREDERICK C. KNAPP, CHARLES J. KLASEK, Jr., JOHN J. O'DONNELL, FLOYD PRESTON AND FRANK ERRICKSON, PROSECUTORS, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND CITY OF RAHWAY, RESPONDENTS.

Submitted May 6, 1941—Decided July 31, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the prosecutors, *Eugene A. Liotta.*

For the respondents, *David T. Wilentz,* Attorney-General, for the Civil Service Commission; *Eugene F. Mainzer,* City Attorney, for the City of Rahway (*Harry A. Walsh,* of counsel).

PER CURIAM.

This is an application for *certiorari* to review an order of the Civil Service Commission. The applicants are chancemen of the City of Rahway holding such appointment by virtue of a city ordinance passed in 1913. At the general election of 1936 (the applicants at that time being chancemen) the Civil Service Commission, at the request of the municipal authorities of Rahway, ordered that an examination be held for patrolmen in the police department of that city, open to all male citizens of the city who met the conditions specified. The prosecutors claim that this examination should be limited to chancemen because it is in the nature of a promotion. An examination was held for patrolmen on March 31st, 1941. No appointments have as yet been made.

The claim of the prosecutors rests on a provision of the Civil Service Act (*R. S.* 11:22-34) which ordains that a vacancy in a position in the competitive class should be filled as far as practicable by promotions from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists. In answer to this, it is argued that the Civil Service Commission decided, after a consideration of the matter, that it was impracticable to hold a promotion examination limited to chancemen and that "it was in the public interests that the examination should be open to all male citizens of the city who possess the prescribed qualifications." All of this may be true but there is nothing in the state of case before us to support that statement except an excerpt from the minutes of the Civil Service Commission of January 7th, 1941, written into the respondent's brief, which it is said is dispositive of the claim of the applicants and is in accord with the opinion of this court in *De Stefano* v. *Civil Service Commission,* 126 *N. J. L.* 121. But we cannot accept this as competent proof. This may be the crux of the whole question and it should be proved and presented in acceptable, competent form.

The moving papers, in our judgment, present an arguable question and a writ of *certiorari* will be allowed.